COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Petty and Senior Judge Bumgardner


WALTER EVERETT CHILDRESS

MEMORANDUM OPINION[*]
v.      Record No. 0117-06-3                                   PER CURIAM
OCTOBER 17, 2006
APPALACHIAN POWER COMPANY


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Walter E. Childress, *pro se*, on brief).

(Richard D. Lucas; Lucas Law Firm, PLC, on brief), for appellee.


Walter Everett Childress (claimant) appeals decisions of the Workers' Compensation

Commission dated June 5, 2003, November 4, 2004, and March 3, 2006.[1]  Claimant's brief

contains eleven Questions Presented, three of which are marked as "Withdrawn," and

corresponding lengthy argument related to those questions.  Claimant contends (1) he was denied

due process; (2) the commission erred in finding no evidence of an equipment malfunction

during claimant's August 30, 2002 hearing and no prejudice to claimant; (3) the commission

erred in not allowing claimant to withdraw his claim; (4) the commission erred in adjudicating

certain claims of which claimant had no notice; (5) the commission was biased towards claimant;

(6) a deputy commissioner should not be allowed to hear a case and then let another deputy

commissioner hear parts of the case or discuss the case with an outside party; and (7) once

Appalachian Power Company (employer) admitted it owed claimant monies or admitted medical

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] This Court in previous appeals ruled the June 5, 2003 and November 4, 2004 opinions were interlocutory.

treatment was related to the injury, it was unnecessary for him to prove his case. In summarily affirming the commission's decisions, we have considered only those questions and arguments that were raised before the commission, germane to the decisions appealed from, and considered by the commission in those decisions.[2]

In so doing, we have reviewed the record and the commission's opinions and find that this appeal is without merit. Accordingly, we affirm for the reasons stated by the commission in its opinions dated June 5, 2003, November 4, 2004, and March 3, 2006. See Childress v. Appalachian Power Company, VWC File No. 120-42-06 (June 5, 2003, Nov. 4, 2004, and Mar. 3, 2006). We dispense with oral argument and summarily affirm because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. See Code § 17.1-403; Rule 5A:27.

Affirmed.

---

[2] We also note that in his brief, claimant did not challenge the underlying merits of the commission's June 5, 2003 ruling affirming the deputy commissioner's findings that claimant failed to prove employer was responsible for certain mileage reimbursement, prescription drug costs, and medical expenses. Accordingly, the commission's finding in that regard is binding and conclusive upon us on appeal. See Rule 5A:18.